# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: B.L., G.W., & I.W.

**FILED**

November 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 14-0660 (Wood County 12-JA-172, 12-JA-173, & 14-JA-30)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Wells H. Dillon, appeals the Circuit Court of Wood County's May 12, 2014, order terminating her parental rights to one-year-old B.L. ("baby"), and eight-year-old I.W. ("son"), and ten-year-old G.W. ("daughter").[1] The Department of Health and Human Resources ("DHHR"), by its attorney, Lee A. Niezgoda, filed a response in support of the circuit court's order. Petitioner argues on appeal that the circuit court erred in denying her additional time for parental improvement prior to termination of her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, the DHHR filed an abuse and neglect petition against petitioner alleging, inter alia, domestic violence and failure to protect her son and daughter from petitioner's then-boyfriend, E.L. Specifically, the petition claimed petitioner and E.L. had an extensive history of domestic violence in front of those children. In February of 2013, the DHHR filed an amended petition alleging, in addition to all previous allegations, that E.L. had sexually abused petitioner's daughter on multiple occasions. Further, the petition alleged that petitioner and E.L. used illegal substances in front of petitioner's son and daughter and deliberately blew marijuana smoke in their faces.

In August of 2013, petitioner stipulated to domestic violence and substance abuse as alleged in the petition. The circuit court adjudicated petitioner's son and daughter as abused and neglected and, upon proper motion, granted petitioner a six-month, post-adjudicatory improvement period. Petitioner's services in the improvement period included a domestic violence class, random drug screens, and individualized therapy. Thereafter, the circuit court adjudicated E.L. as an abusing parent, pursuant to West Virginia Code § 49-1-3(2), due to, inter

---

[1]Petitioner has three children by two fathers: her son's and daughter's biological father is C.L., and her baby's biological father is E.L. The case below included E.L.'s other two biological children, D.L. and J.L., by a different mother. The circuit court terminated E.L.'s parental rights to all three of his biological children and any rights he may have had to petitioner's son and daughter.

alia, domestic violence, substance abuse, and sexual abuse of one of petitioner's children. It is uncontested that petitioner knew of the court's finding that E.L. was an abusing parent.

The circuit court held several hearings to monitor petitioner's progress on her improvement period. At the October 1, 2013, review hearing, petitioner admitted that she failed to fully participate in mandatory, random drug screens or attend mandatory therapy sessions. However, petitioner claimed that her work schedule interfered with those services. Therefore, the circuit court ordered her to participate in drug screens three days per week. Petitioner denied any contact with E.L.

At the December 3, 2013, review hearing, the DHHR claimed petitioner had not been compliant with services. The CSP worker explained that petitioner had participated in only six of her required twenty drug screens, failed to follow through with therapy, and continued her contact with E.L. Petitioner responded that she had a therapy appointment set that week, her drug screens were negative, and she again denied any contact with E.L. At the January 21, 2014, review hearing, the circuit court granted petitioner's motion for a three-month extension of her improvement period. After questions arose regarding her possible pregnancy, petitioner testified that she was not pregnant.

In March of 2014, the DHHR filed a second abuse and neglect petition against petitioner after she gave birth to the baby. Thereafter, in April of 2014, the circuit court held a dispositional hearing as to petitioner's son and daughter and an adjudicatory hearing as to the baby. The CPS worker testified that petitioner had lied to the court about whether or not she was pregnant and had lied when she said she was not in contact with E.L. The CPS worker further testified that E.L. had visited petitioner at the hospital when the baby was born, and petitioner and E.L. maintained contact on the social media website Facebook. Moreover, on April 2, 2014, petitioner tested positive for hydrocodone, and she could not produce a valid prescription for that medication. The CPS worker claimed petitioner lacked insight into the danger of having E.L. near her children, and she failed to regularly participate in drug screens. The CPS worker could not recommend any additional services for petitioner. The circuit court thereafter adjudicated the baby as an abused and neglected child and continued the dispositional hearing as to petitioner's son and daughter.

In May of 2014, the circuit court held a joint dispositional hearing as to all three children. The DHHR argued that petitioner failed to follow through with services. The CPS worker explained that petitioner continued to have contact with E.L., who had sexually abused one of her children, and she lied to the court on multiple occasions regarding whether she was pregnant and whether she continued her contact with E.L. Petitioner responded that she complied with several of her services, but she could not fully participate in other services due to her pregnancy, which overlapped with her improvement period. She argued that she was willing to comply with any additional services ordered to reunite with her children. The guardian joined in the motion for termination and recommended no further visits with the children. The circuit court terminated petitioner's parental rights to all three children. This appeal followed.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to de novo review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period as to the baby and her motion for a dispositional improvement period as to her son and daughter. Upon our review, we find no error. Circuit courts have discretion in granting motions for post-adjudicatory and dispositional improvement periods. W.Va. Code § 49-6-12(b) (Providing circuit courts discretion in granting post-adjudicatory improvement periods upon the finding that the parent is likely to fully participate in the same); W.Va. Code § 49-6-12(c) (Providing circuit courts discretion in granting dispositional improvement periods upon a written motion and a showing, by clear and convincing evidence, that the parent is likely to fully participate in the same). Further, we have previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened. . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E. 114 (1980)).

In this case, the record on appeal in this matter supports the circuit court's denials of petitioner's motions. Petitioner stipulated to the domestic violence and the substance abuse alleged in the amended petition. Following entry of those stipulations, the circuit court granted petitioner a six-month, post-adjudicatory improvement period to allow her time to participate in services designed to substantially correct those issues. In the first six months of her improvement period, petitioner participated in only a fraction of her court-ordered drug screens, failed to properly schedule and participate in therapy, and repeatedly misled the court about whether she maintained contact with E.L. In January of 2014, following six months of minimal participation in services, the circuit court granted her a three-month extension to demonstrate improvement. At the January hearing, petitioner again misled the court regarding the fact that she was pregnant. Following the extension, petitioner tested positive for hydrocodone without a valid prescription for that medication. Therefore, we find that the circuit court did not err in denying petitioner more time for parental improvement, as she had from November of 2012 until May of 2014 to demonstrate such improvement but she failed to satisfy her burden. Thus, it was not error for the circuit court to deny petitioner's motions for additional time for parental improvement.

Further, such findings support the circuit court's conclusions that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future, and that the termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II